UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
GUADALUPE G. GONZALEZ,          ) 1:07-cv-001146-OWW-SMS
                                )
            Plaintiff,          ) ORDER DIRECTING THE CLERK TO
     v.                         ) STRIKE PLAINTIFF'S COUNSEL'S
                                ) NOTICE OF SUBSTITUTION (DOC. 32)
MERCED COUNTY, et al.,          )
                                )
            Defendant.          )
                                )
_____)
```

Plaintiff is proceeding with counsel with a civil action. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303. Pending before the Court is a purported substitution of attorneys filed by Plaintiff's counsel on August 18, 2008, in which Plaintiff's counsel seeks to substitute Plaintiff Guadalupe G. Gonzalez in propria persona.

Local Rule 83-182(g) provides that an attorney who has appeared in an action may substitute another attorney and withdraw by submitting a substitution of attorneys that is approved by the Court. Rule 83-182(g) sets forth the formal requirements for a substitution of attorneys.

However, Local Rule 83-182(d) expressly provides that an

1

attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and notice to the client and all other parties who have appeared; further, the attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Further, it provides that withdrawal as attorney is governing by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules; in any event, the authority and duty of the attorney of record shall continue until relieved by order of the Court.

The purported substitution of Plaintiff for Mr. Kapetan was not accomplished in accordance with local rules. A court may strike a document that does not conform to the formal requirements of the pertinent rules of court. Fed. R. Civ. P. 12(f); <u>Transamerican Corp. v. National Union Fire Ins. Co. of Pittsburgh, Pa.</u>, 143 F.R.D. 189, 191 (N.D. Ill. 1992). T

Accordingly, the substitution of attorneys filed on August 18, 2008, was ineffective, and the Clerk IS DIRECTED to strike it from the record.

This order is made without prejudice to the filing of a noticed motion to withdraw that complies with all pertinent rules of Court.

IT IS SO ORDERED.

**Dated:   August 26, 2008**           /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE